# EXHIBIT 2

MEGAN JACKSON

v.

FARMERS INSURANCE EXCHANGE, and INSURER ENTITIES
I-V, inclusive,

Case No. TO BE DETERMINED

DEFENDANTS EXHIBITS TO DEFENDANT FARMERS
INSURANCE EXCHANGE'S PETITION FOR REMOVAL

# EXHIBIT 2

COMPLAINT FILED BY PLAINTIFF IN CLARK COUNTY, NEVADA,
EIGHTH JUDICIAL DISTRICT COURT, CASE NUMBER A-17-754876-C

Electronically Filed
05/02/2017 03:52:54 PM

**CLERK OF THE COURT**

**COMP**
LEWIS GAZDA, ESQ.
Nevada Bar No. 4269
Lewisjgazda@gmail.com
AFSHIN TADAYON, ESQ.
Nevada Bar No. 6517
Atadayon@hotmail.com
GAZDA & TADAYON
2600 South Rainbow Blvd., Suite 200
Las Vegas, Nevada 89146
TEL. (702) 220-7128
FAX. (702) 220-7152

Attorneys for Plaintiff
MEGAN JACKSON

### DISTRICT COURT
### CLARK COUNTY, NEVADA

|  |  |  |
|---|---|---|
| MEGAN JACKSON | ) | CASE NO.: A-17-754876-C |
| Plaintiff, | ) | |
| | ) | DEPT. NO.:   XXVII |
| v. | ) | |
| | ) | |
| FARMERS INSURANCE EXCHANGE; and | ) | |
| INSURER ENTITIES I-V, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

Plaintiff, MEGAN JACKSON, by and through her undersigned counsel, complains of

Defendants FARMERS INSURANCE EXCHANGE; and INSURER ENTITIES I-V, inclusive,

as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff MEGAN JACKSON is a resident of Clark County, Nevada.

2.    Upon information and belief, and at all times relevant hereto, Defendant

FARMERS INSURANCE EXCHANGE (sometimes hereinafter referred to as "FARMERS")

is and was a foreign corporation, insurer or other business entity, domiciled in the state of

-1-

California, and authorized to do the business of property and casualty insurance in Nevada since January 1, 1936, and currently active and in good standing in the State of Nevada, which is engaged in the business of insuring persons and/or entities against injuries and/or other damages, including, but not limited to medical payments and/or uninsured and/or underinsured drivers, and that at all times mentioned herein, Defendant FARMERS INSURANCE EXCHANGE is and was doing business in Clark County, Nevada.

3.     Plaintiff does not know the true identity of defendants sued as INSURER ENTITIES I-V, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to insert their true identities when ascertained. Plaintiff alleges that INSURER ENTITIES I-V, inclusive, constitute the correct legal entity that issued the automobile policy of insurance at issue in this matter or constitute the parent company of the correct legal entity that issued the automobile policy of insurance at issue in this matter. Plaintiff further alleges that INSURER ENTITIES I-V, inclusive, constitute the holding companies or group affiliations that issued the automobile policy of insurance at issue in this matter.  Plaintiff further alleges that INSURER ENTITIES I-V, inclusive, were and/or are contractually bound to provide underinsured motorist coverage benefits to Plaintiff including compensation for injuries incurred by Plaintiff and/or are liable as they breached their duty of good faith and fair dealing owed to Plaintiff by refusing to pay a fair and equitable amount of the uninsured and/or underinsured motorist protection provided for in the policies.  Plaintiff further alleges that INSURER ENTITIES I-V, inclusive, have violated their statutory duties contained within Nevada Revised Statutes 686A.310, et seq. all to the damage of Plaintiff in excess of $15,000.00.

4.     Plaintiff MEGAN JACKSON expressly reserves the right to amend her Complaint before and/or at the time of trial of the actions herein to include all other causes of

action and/or items of damages not yet ascertained, and/or to name those Defendants whose identities are not presently known.

## FIRST CAUSE OF ACTION
### (Breach Of Contract)

5.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 4 above and incorporates such by reference as though fully set forth again here.

6.     On or about June 14, 2016, and at all times relevant herein, Plaintiff MEGAN JACKSON was the operator of a motor vehicle properly and lawfully stopped eastbound on Interstate Highway 215 approximately thirty feet (30') west of its intersection with the Interstate Highway 215/Rainbow Boulevard eastbound off ramp in Clark County, Nevada.

7.     On or about June 14, 2016, and at all times relevant herein, DANIEL E. CORBO was the operator of a vehicle traveling immediately behind the vehicle being operated by STEVIE MARIE NICHOLL (the Nicholl vehicle), which vehicle was immediately behind Plaintiff's vehicle eastbound on Interstate Highway 215 approximately thirty feet (30') west of its intersection with the Interstate Highway 215/Rainbow Boulevard eastbound off ramp in Clark County, Nevada.

8.     At that time and place, DANIEL E. CORBO negligently operated the motor vehicle he was driving by, among other things, failing to maintain a proper lookout, and operating his vehicle too closely and at an unsafe distance from, and failing to stop behind the Nicholl vehicle, thereby causing his vehicle to strike the Nicholl vehicle, thereafter pushing the Nicholl vehicle forward, causing the Nicholl vehicle to then strike the vehicle being operated by Plaintiff (the "Collision").

9.     DANIEL E. CORBO owed a duty to exercise reasonable care in the operation of his vehicle and he breached his duty as he failed to operate his vehicle in a safe, reasonable and prudent manner.

10. That DANIEL E. CORBO at the time of the collision herein complained of and immediately prior thereto, was negligent and careless in the following particulars, including, but not limited to:

    a) In failing to keep his vehicle under proper control;

    b) In failing to maintain a proper lookout for other vehicles and in particular, the Nicholl vehicle and the vehicle Plaintiff was operating;

    c) In operating his vehicle without due caution and with disregard for the rights of the Plaintiff herein; and

    d) In operating his vehicle too closely and at an unsafe distance from, and failing to stop behind the Nicholl vehicle.

11. Prior to and at the time of the Collision, the following statutes governing the conduct of drivers in Nevada were in effect, and the actions of DANIEL E. CORBO have violated the following statues, which provide, in pertinent part:

**NRS 484B.653. Reckless driving . . .**

1. It is unlawful for any person to:

(a) Drive a vehicle in willful or wanton disregard of the safety of persons or property.

**NRS 484B.127. Following too closely**

1. The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

**NRS 484B.603. Duty of driver to decrease speed under certain circumstances**

1. The fact that the speed of a vehicle is lower than the prescribed limits does not relieve a driver from the duty to decrease speed when approaching and crossing an intersection, . . . or when special hazards exist or may exist with respect to pedestrians or other traffic, . . . and speed must be decreased as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering a highway in compliance with legal requirements and the duty of all persons to use due care.

-4-

12.     At the time of the Collision, the above referenced Statutes imposed a legal duty upon DANIEL E. CORBO.

13.     DANIEL E. CORBO violated the Statutes, such violations of law by DANIEL E. CORBO constitutes negligence *per se*, and DANIEL E. CORBO is therefore negligent *per se*.

14.     Plaintiff was a member of the class of persons to be protected by the Statutes.

15.     As a direct and proximate/legal result of the breach of duty and negligence of DANIEL E. CORBO, and by reason of the premises and as a direct and proximate/legal result of said incident complained of herein, Plaintiff sustained injuries and/or damages, all or some of which conditions may be permanent and disabling in nature, which injuries and/or damages, in an amount exceeding $15,000.00, include, but are not necessarily limited to the following:

1.  Physical and emotional injuries and other damages, past and/or future costs of medical treatment, loss of earning capacity, loss of past and future earnings, pain and suffering, property damage and other consequential damages;

2.  Plaintiff was prevented in part from attending to her usual activities and was compelled to seek medical assistance and endure the inconvenience and disruption associated therewith;

3.  Plaintiff may be required to seek future medical care and treatment and incur the expenses incidental thereto;

4.  Plaintiff sustained motor vehicle property damage in an amount to be determined by the proof at time of trial; and

5.  Plaintiff has been forced to retain counsel to prosecute this action and Plaintiff is therefore entitled to reasonable attorney's fees and costs of suit herein.

16.     Prior to and at the time of the Collision, and at all relevant times herein, the vehicle owned and operated by Plaintiff MEGAN JACKSON was insured by Defendants FARMERS and/or INSURER ENTITIES I-V, inclusive, and those Defendants had issued and

at the time of the Collision had in effect a contract, policy or policies of insurance, which provided various coverages, including medical payments and protection against underinsured and/or uninsured motorists, and which contract, policy and/or policies covered, inured to the benefit of Plaintiff and protected Plaintiff for, from and against damages incurred by Plaintiff and/or arising from a collision with a vehicle driven and/or owned by an uninsured and/or underinsured motorist.

17.    Prior to and at the time of the Collision, and at all relevant times herein, Hartford Insurance Company had in effect a policy of insurance covering and insuring DANIEL E. CORBO and/or the vehicle DANIEL E. CORBO was operating at the time of the Collision against the negligence and/or and liability of DANIEL E. CORBO, and those policy limits were paid to Plaintiff by Hartford Insurance Company in settlement of Plaintiff's damages because of the negligence and/or liability of DANIEL E. CORBO.

18.    The damages of all nature and kind sustained by Plaintiff, and which resulted from the collision, exceed any and all amounts of insurance in effect at the time of the collision and covering DANIEL E. CORBO, the vehicle operated by DANIEL E. CORBO, and/or the owner of that vehicle, and/or any and all amounts paid to Plaintiff by and/or on behalf of DANIEL E. CORBO, and thus DANIEL E. CORBO, and the vehicle operated by DANIEL E. CORBO, and/or the owner of that vehicle is/are uninsured and/or underinsured.

19.    By virtue of the insurance contract, policy or policies of insurance, which had been issued to Plaintiff by Defendants FARMERS and/or INSURER ENTITIES I-V, inclusive, and the underinsured/uninsured motorist coverage and/or medical payment coverages contained therein, Defendants FARMERS and/or INSURER ENTITIES I-V, inclusive, are obligated to compensate Plaintiff for, and to pay to Plaintiff all amounts for the injuries suffered and/or damages sustained by Plaintiff in the collision noted herein, which

exceed the amounts paid to Plaintiff under insurance covering DANIEL E. CORBO, the vehicle operated by DANIEL E. CORBO, and/or the owner of that vehicle.

20.   Despite their obligation to compensate Plaintiff for, and to pay to Plaintiff all amounts for the injuries suffered and/or damages sustained by Plaintiff in the collision noted herein, Defendants FARMERS and/or INSURER ENTITIES I-V, inclusive, have failed and/or refused to pay Plaintiff for the full and complete damages Plaintiff has sustained, and for which damages Defendants FARMERS and/or INSURER ENTITIES I-V, inclusive, are obligated to pay to Plaintiff, and Defendants FARMERS and/or INSURER ENTITIES I-V, inclusive, have thereby breached their contract of insurance.

## SECOND CAUSE OF ACTION
### (Breach Of Duty Of Good Faith And Fair Dealing)

21.   Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 20 above and incorporates such by reference as though fully set forth again here.

22.   That Defendants, and each of them, also breached their duty of good faith and fair dealing owed to Plaintiff by refusing to pay a fair and equitable amount of the uninsured/underinsured motorist protection provided for in the policies.

23.   That as a proximate result of the unreasonable and wrongful conduct of Defendants, and each of them, Plaintiff has suffered anxiety, worry, mental and emotional distress and other incidental damages all to Plaintiff's general damage in an amount in excess of $15,000.00.

24.   Defendants' conduct described herein subjected Plaintiff to cruel and unjust hardship in conscious disregard to Plaintiff's rights constituting fraud, oppression and malice entitling Plaintiff to punitive or exemplary damages in an amount in excess of $15,000.00 sufficient to punish or set an example of Defendants.

**THIRD CAUSE OF ACTION**
(Violation Of Statutory Duties Contained Within
Nevada Revised Statutes 686A.310, et seq.)

25.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 24 above and incorporates such by reference as though fully set forth again here.

26.     Defendants, and each of them, are members of the class of persons and entities intended to be regulated by Nevada Revised Statutes 686A.310, et seq.

27.     Plaintiff was a member of the class of persons sought to be protected by Nevada Revised Statutes 686A.310, et seq.

28.     By the aforesaid acts and omissions, Defendants have violated their statutory duties contained within Nevada Revised Statutes 686A.310, et seq.

///
///
///
///
///
///
///
///
///
///
///
///
///

29.     As a proximate result of the breach of statutory duties by Defendants, and each of them, Plaintiff has suffered damages in an amount in excess of $15,000.00.

WHEREFORE, Plaintiff MEGAN JACKSON prays for judgment against Defendants, and each of them, as follows:

1.     For special and general damages, both past and future, in an amount in excess of $15,000.00;

2.     For damages up to the amount of the underinsured motorist policy limits applicable to Plaintiff, in an amount in excess of $15,000.00.

3.     Other contract damages;

4.     For exemplary and punitive damages in an amount in excess of $15,000.00 sufficient to punish or set an example of Defendants;

5.     Prejudgment interest;

6.     Statutory penalties and/or damages;

7.     Attorneys' fees and costs of suit; and

8.     For such other and further relief as the Court may deem just and proper.

DATED: April 27, 2017.

GAZDA & TADAYON

By:_____
LEWIS GAZDA, ESQ.
Nevada Bar No. 4269
Lewisjgazda@gmail.com
AFSHIN TADAYON, ESQ.
Nevada Bar No. 6517
Atadayon@hotmail.com
GAZDA & TADAYON
2600 South Rainbow Blvd., Suite 200
Las Vegas, Nevada 89146
TEL. (702) 220-7128
FAX. (702) 220-7152

Attorneys for Plaintiff
MEGAN JACKSON